**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Sherman HALVERSON, Defendant and Appellant.**

**No. 12433.**

Supreme Court of South Dakota.

April 19, 1979.

John P. Guhin, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on the brief.

Robert W. Van Norman, with Joseph Neiles on the brief, Pennington County Public Defender's Office, Rapid City, for defendant and appellant.

HECK, Circuit Judge.

The defendant, Sherman Halverson, appeals from two convictions of driving a motor vehicle while under revocation. SDCL 32–12–65. The trial court denied the defendant's motion to strike the testimony of the arresting officer on the grounds that the stop of the defendant's vehicle constituted an unlawful seizure. We affirm.[1]

---

1. This case was first appealed to the circuit court from magistrate court. The circuit court affirmed the convictions and remanded the case to magistrate court to execute judgment therein.

On November 1, 1979, Joel Pine, a trooper with the South Dakota Highway Patrol, was assisting four officers of the South Dakota Game, Fish and Parks in conducting a game check on the Deerfield Road in Pennington County, South Dakota. The trooper was stopping vehicles with the use of his red signal lights. There were four other state-owned vehicles at the game check site. As an approaching vehicle stopped, Officer Pine would check to see that the vehicle displayed a valid motor vehicle safety inspection sticker and ask to see the operator's driving license.

The defendant, driving a motor vehicle, approached the checkpoint. Trooper Pine signaled the defendant to a stop. When Officer Pine approached the defendant's vehicle he noticed that an expired motor vehicle inspection sticker was displayed on the vehicle. As he was writing a citation for that violation he asked the defendant for his driver's license. The defendant told the officer that it had been taken from him, whereupon the officer issued an additional citation for driving under revocation.

The next day the game check was relocated in the same general area. The defendant was again stopped by Trooper Pine. The officer, recognizing the defendant, immediately placed him under arrest for driving under revocation.

The issue is: Did the trial court err in denying defendant's motion to strike the testimony of Trooper Pine on the grounds that the stops of the defendant's vehicle were unreasonable seizures under the United States and South Dakota Constitutions prohibiting unreasonable searches and seizures? More specifically, is it an unreasonable intrusion upon the rights of persons using the public highways to be stopped for the purpose of inspecting wild game? And incidental thereto, can a state trooper assisting at a game checkpoint examine motor vehicle safety inspection stickers and driver's licenses?

This court in *State v. Olgaard*, S.D., 248 N.W.2d 392 (1976), ruled that a checkpoint stop of a vehicle is a seizure within the meaning of the Fourth Amendment of the United States Constitution.[2]

The decision in *Olgaard* was based primarily upon the decision in *United States v. Martinez-Fuerte*, 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976). In that opinion the court stated:

> In delineating the constitutional safeguards applicable in particular contexts, the Court has weighed the public interest against the Fourth Amendment interest of the individual, . . . . 428 U.S. at 555, 96 S.Ct. at 3081, 49 L.Ed.2d at 1126.

The court must likewise weigh the public interest in conducting game checks against the individual's interest against unreasonable interference by law enforcement officials with their privacy and uninterrupted use of the highways.

Wild animals in this state are the property of the state. SDCL 41–11–1. The citizens of this state have an interest in the management of wildlife so that it can be effectively conserved. State law further provides that officers of the Department of Game, Fish and Parks have the right to inspect game animals in the possession of any person. SDCL 41–15–6. The only effective means of implementing this statute is by the use of road blocks or checkpoint stops in game areas. Stops on probable cause would not satisfy the purpose of the law since the number of hunters is large and game officers few.

The game checkpoint stop of vehicles involved here was for the purpose of determining whether the occupants were in possession of any game animal. Since it is a privilege to hunt wild game, a hunter

2. It should be noted that the *Olgaard* decision restricted itself to a road block for the purpose of investigating all motorists for possible liquor law violations. The court specifically declined to decide whether the state may constitutionally stop motorists pursuant to statutory authority for the purpose of checking driver's licenses, compliance with motor vehicle safety requirements, weight limits and related matters.

tacitly consents to the inspection of any game animal in his possession when he makes application for and receives a hunting license. It is apparent from the evidence that the defendant was not hunting prior to the stop. The intrusion into the right of the non-hunter to the uninterrupted use of the highways is slight and greatly outweighed by the public interest in the management and conservation of wildlife in this state.

The checkpoint in this case was not permanent, but it did not have all the evils of a roving patrol since there were several identifiable state vehicles at the checkpoint with presumably uniformed officers attending.[3] There were adequate visible signs of who was making the stop. This type of stop should not frighten or greatly concern a normal motorist.

We hold that the game check stop did not violate the defendant's right against unreasonable seizure. The intrusion was reasonable.

█ Since the game stop was not a violation of the defendant's constitutional rights, it follows that the officer, seeing the expired motor vehicle safety inspection sticker, then had probable cause for the further detention of the defendant which resulted in his arrest for both offenses of driving under revocation.

The order of the circuit court remanding the case to the magistrate court for the execution of the judgment herein is affirmed.

WOLLMAN, C. J., and DUNN and MORGAN, JJ., concur.

HECK, Circuit Judge, sitting for ZASTROW, J., who was a member of the court at the time this case was orally argued.

HENDERSON and FOSHEIM, JJ., not having been members of the court at the time this case was orally argued, did not participate.

---

3. Roving patrol stops were found unconstitutional in *Delaware v. Prouse*, —— U.S. ——, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); *Almeida-Sanchez v. United States*, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973); and *United States v. Brignoni-Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). The court in *Prouse*

said: "This holding does not preclude . . . States from developing methods for spot checks that involve less intrusion or that do not involve the unconstrained exercise of discretion. Questioning of all oncoming traffic at roadblock-type stops is one possible alternative."